### THE CHEVALIERS v. MARVIN SHEARER.

1. CERTIFICATE, CONSTITUTION, ETC., OF BENEFICIAL ASSOCIATION CONSTITUTES CONTRACT BETWEEN MEMBERS AND ASSOCIATION.

   The certificate, constitution, rules and regulations, and by-laws of a beneficial association constitute the contract between the association and its members.

2. MEMBER OF BENEFICIAL ASSOCIATION NOT ENTITLED TO SHARE IN BENEFIT FUND FOR PERMANENT LOSS OF HAND, WHEN.

   Where a certificate issued by a beneficial association to one of its members provided that if the holder, by accident, lose one of his hands, he shall be paid one-fourth the face value of the policy from the benefit fund, and that "this certificate is issued subject to, and to be construed and controlled by, the constitution, laws, rules and regulations of the order," the holder thereof is not entitled to recover for a permanent loss of one of his hands unless it be amputated at or above the wrist, where the constitution provides for payment only in such case, and this notwithstanding the holder had no actual knowledge of such latter provision.

3. TRUSTEES OF BENEFICIAL ASSOCIATION MAY ADOPT RULES CONCERNING CONDUCT OF BUSINESS.

   The first trustees of a beneficial association have power to adopt a provision which concerns the conduct of its business, such as providing that the members shall not be entitled to share in the benefit fund for loss of a hand unless amputation at or above the wrist follows the injury.

ERROR to Summit common pleas court.

**Dayton A. Doyle,** for plaintiff in error:

In a beneficial association the certificate, constitution and by-laws constitute the contract between the members and the association. Bacon, Ben. Soc. Sec. 161; *Masonic Mut. Ben. Soc.* v. *Burkhart,* 110 Ind. 189 [10 N. E. Rep. 79; 11 N. E. Rep. 449]; *Worley* v. *Aid Assn.* 10 Fed. Rep. 227; *O'Brien* v. *Supreme Council,* 81 App. Div. 1 [80 N. Y. Supp. 775].

The certificate and the constitution and standing regulations of the order constitute the contract which controls the payment of benefits. *Grand Lodge A. O. U. W.* v. *Gandy,* 63 N. J. Eq. 692 [53 Atl. Rep. 142]; *Bost* v. *Supreme Council,* 87 Minn. 417 [92 N. W. Rep. 337]; *Modern*

Summit County.

*Woodmen of America* v. *Tevis,* 117 Fed. Rep. 369 [54 C. C. A. 293]. See L. & A. Ins. D. (1902), M. B. Secs. 17, 92-94; Insurance Man's Practical Digest (Annual 1903), page 461; Act of April 26, 1904, 97 O. L. 421, Sec. 8.

Insurer is presumed to know the conditions of his membership and cannot plead ignorance. *Union Central Life Ins. Co.* v. *Hook,* 62 Ohio St. 256 [56 N. E. Rep. 906]; *Allen* v. *Insurance Co.* 123 N. Y. 6 [25 N. E. Rep. 309]; *Walsh* v. *Insurance Co.* 73 N. Y. 5; *Monitor Ins. Co.* v. *Buffum,* 115 Mass. 343.

**Young & Wannamaker,** for defendant in error.

**WINCH, J.**

The defendant in error brought his action against the plaintiff in error, which is a beneficial association incorporated under the laws of Ohio, to recover for the loss of a hand under a certificate issued to him by the association, plaintiff in error, of which he was a member, in which certificate it is provided:

"If the said Marvin Shearer, the holder hereof, by accident, lose one hand, * * * he shall be paid one-fourth of the face hereof, * * * said amount being paid from the benefit fund of the order."

The case was tried upon an agreed statement of facts, from which it appears that by accident the plaintiff was injured about the middle of May, 1901; "that as a result of said injuries his right arm has been permanently disabled, the full use and service thereof having been practically destroyed, but neither said arm nor hand has been amputated."

The certificate sued upon contains the following provision:

"This certificate is issued subject to, and to be construed and controlled by, the constitution, laws, rules and regulations of the order."

Attached to the agreed statement of facts, and referred to in it as Exhibit A, is a pamphlet entitled: "Constitution, rules and regulations of the supreme council, The Chevaliers, Akron, Ohio, governing grand councils and subordinate councils" which the statement of facts says "is the constitution, by-laws, rules and regulations used by said order, enacted by the said association."

Section 53 of said constitution reads as follows:

"In case the holder of a beneficial certificate shall by accident lose one hand by amputation at or above the wrist, or one foot at the ankle, and in case of the permanent loss or total loss of sight of one eye, he shall receive from the benefit fund of the order one-fourth of the face of the certificate."

Chevaliers v. Shearer.

Plaintiff raises the question whether these rules and regulations were lawfully adopted by the order, which we shall consider later, first taking up the contention of defendant that because plaintiff did not "by accident lose one hand by amputation at or above the wrist," as provided in Sec. 53, he is not entitled to recover.

That in a beneficial association the certificate, constitution, rules and regulations and by-laws of the order constitute the contract between the member and the association has been held frequently. In this case the express terms of the certificate make the constitution, laws, rules and regulations part of the contract. But the certificate and the constitution, laws, rules and regulations do not agree in the provisions relating to the loss of a hand. The certificate says, "by accident, lose one hand." The constitution, laws, rules and regulations say: "By accident lose one hand by amputation at or above the wrist." Manifestly plaintiff below has not been injured and is not entitled to recover as provided in the constitution, laws, rules and regulations. But which provision controls? The certificate says it is issued subject to, and to be construed and controlled by, the constitution, laws, rules and regulations. We think that settles the question. Plaintiff must bring himself within the provisions of said Sec. 53, and having failed to do so is not entitled to recover.

But plaintiff claims that Sec. 53 was not lawfully adopted by the association and that he is not bound by it. We think the admission in the agreed statement of facts, that exhibit A, "is the constitution, by-laws, rules and regulations used by said order, enacted by the said association," should preclude plaintiff below from raising this question, but we have examined into the facts stated regarding its enactment.

It appears that the first meeting for the purpose of effecting an organization was held at Akron, November 30, 1900; at that meeting a board of trustees was chosen and a resolution passed that articles of incorporation be filed in Columbus. This was pursuant to Sec. 3631-17 Rev. Stat. which further provides that the certificate filed as aforesaid shall set forth (E) the number of trustees, directors or similar officers and their names, who shall manage the concerns of the corporation for the first year, or until the ensuing annual meeting.

February 4, 1901, a meeting of the trustees was held, and they adopted the constitution, laws, rules and regulations referred to.

We take it that in Ohio a corporation not for profit is governed somewhat as a corporation for profit is; the fundamental law or constitution is adopted by the members who elect trustees; the trustees adopt by-laws for their own government in the management of the business of the association. By the statute just quoted the trustees of fraternal

Summit County.

beneficial associations like the defendant for the first year are entrusted with the management of the concerns of the corporation. Whether the trustees had a right to adopt a constitution providing, for instance, how many trustees there should be—a fundamental law—is doubtful, but that they had a right to adopt Sec. 53, which concerns only the conduct of the business of the association, we have no doubt.

Plaintiff was a charter member of the defendant association; a manuscript copy of the said constitution, laws, rules and regulations was on file in the office of the association from February 4, 1901; plaintiff's application for a benefit certificate is dated January 11, 1901; and the certificate was delivered and issued to him February 7, 1901; he was injured on March 15, 1901; and although he never saw a copy of said by-laws until after April 7, 1901, we hold that he is bound by said Sec. 53 and that the same is a part of his contract for benefits.

The court of common pleas having come to a contrary conclusion, its judgment is reversed.

**Marvin** and **Henry, JJ.,** concur.